*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-108

AUGUST TERM, 2016

| | |
|---|---|
| In re C.R., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 86-5-12 Wnjv |

Trial Judge: Kevin W. Griffin

In the above-entitled cause, the Clerk will enter:

Mother appeals termination of her parental rights to her daughter, C.R., born in February 2003. On appeal, mother argues that the court erred in granting termination because there was a lack of active participation by mother and her attorney at the termination hearing. We affirm.

In May 2012, based on allegations that mother abused and could not control her children, the court granted an emergency care order and transferred custody of C.R. and her older sibling M.B.[1] from mother to the Department for Children and Families (DCF). In November 2012, following an evidentiary hearing, the court adjudicated C.R. a child in need of care or supervision (CHINS) based on lack of proper parental care. The court found that there was a violent confrontation between mother and M.B. and that mother's boyfriend used drugs around both children. In addition, mother admitted that she could not control M.B.

Throughout the pendency of this juvenile proceeding mother has exhibited varying levels of participation with the case plan. The initial disposition order issued in January 2013 contemplated reunification with mother or father. Among other things, the plan of services for mother included completing a substance-abuse evaluation, attending family time coaching and parenting meetings, and participating in mental-health counseling and parenting education. Mother's engagement with services was mixed and in December 2013, the State filed petitions seeking termination of parental rights. After the filing, mother reengaged in services and the parties agreed to postpone the termination hearing to attempt reunification. By late 2014, DCF was prepared to return custody to mother, but mother relapsed. Mother subsequently refused to engage in substance-abuse counseling and had inconsistent attendance at team meetings. Mother also refused to participate in pre- and post-visit meetings with the family time coach. Mother became volatile and openly critical of C.R. and the family time coach. Mother's erratic behavior caused the family time coach to fear for C.R.'s safety.

---

[1] M.B. reached the age of majority in August 2015 and so was not part of this termination proceeding.

In August 2015, the State filed termination petitions.[2]  Father voluntarily relinquished his rights.  Mother was present at the beginning of the contested hearing on termination of her parental rights, but then left the courthouse and did not return.  The hearing proceeded without her.

The court concluded that there was a change of circumstances due to stagnation and that termination was in C.R.'s best interests since mother did not have a healthy relationship with C.R. and would not be able to resume parenting in a reasonable period of time.  Mother filed this appeal.

On appeal, mother does not challenge the court's findings or conclusions.  Mother argues that the court erred in proceeding with the termination hearing after she absented herself, leaving presentation of her side of the case to her attorney, whom mother claims played no active role in the proceeding.  Mother asserts that this lack of participation is shown by the failure of her attorney to object to much of the testimony presented by the State and the failure to conduct cross-examination of many witnesses.  Based on these facts mother seeks to overturn the termination order.

We conclude there are no grounds for reversal.  Mother received in-hand personal notice of the termination proceeding and had an opportunity to participate in the proceeding.  See In re M.T., 2006 VT 114, ¶ 12, 180 Vt. 643 (mem.) (requiring court to send parents direct notice of termination hearing).  While mother describes her absence as "unexplained," at the time she made no request to continue the hearing for some legitimate reason and now proffers no reason that continuation due to her absence would have been warranted.  Further, while mother claims that her attorney did not fully participate in the hearing, she fails to assert any particular error made by her attorney or how different actions may have affected the result of the proceeding.  In a post-disposition proceeding, "[T]he only issues before the court at termination are whether there has been a substantial change in material circumstances and whether termination is in the child's best interests."  In re K.F., 2013 VT 39, ¶ 29, 194 Vt. 64.  Given that mother does not explain how her attorney's conduct at trial impacted the court's conclusions regarding either of these determinations, there is no basis to disturb the court's termination order.  See id. ¶ 28 (explaining that counsel's failure to introduce certain evidence did not warrant reversal where such failure did not impact court's findings that parent's progress had stagnated and termination was in child's best interests).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

---

[2]  That same month mother's parent-child contact was suspended due to her erratic and threatening behavior.  After a hearing in October 2015 the court allowed mother visits at a visitation center, but mother declined the offer.